TENDERED FOR FILING

NOV 0 5 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF Louisiana

| | |
|---|---|
| Andrew David Wetzel | Civil Action |
| V. | NO # 21-1940 |
| Warren Montgomery | SECT. "I" (3) |

## Memorandum of Law In Support of 28 U.S.C 2241

Now into this Honorable Court comes, Andrew David Wetzel, who Averts the following:

### A.

### YOUNGER V. Harris EXCEPTION(S)

Under Younger v. Harris a federal court may Intervene under the (1) Bad faith "exception" and/or (2) if extraordinary circumstances Showing a threat of irreparable Injury which is both great and Immediate.

(1) BAD faith exception: the state through the elected District Attorney Warren Montgomery, charged the petitioner with Simple Burglary Based Soley upon a video, of which Warren and an unknown ADA said is Inconclusive, No DNA, Prints, Confession or eye witness No other evidence other then The Inconclusive video. Further the state has violated the attorney-client Relationship. See below

(2) extraordinary circumstances exception: An Invasion of the attorney client privilege generates an Irreparable Injury which is both great and Immediate. See IN The matter of 636 South 66th Terrance Kansas city Kansas 835 F.Supp 1304 (D. Kan 1993) and United State V. Heebe #10-3452 (E.D. of Louisiana) The petitioner will suffer Irreparable

PAGE 1 OF 5

Injury In connection with disclosure of material subject to the attorney-client privilege is irreparable. See philip morris, INC 314 F.3d 612 and owens v. office (D.colo 2012) Sept. 14, 2012 846 F.Supp.2d 1003 and united States v. Carter's "Black Order" See claim

(3) Irreparable Injury with no adequate Remedy at law, See 924 F.3d 1004, with no adequate opportunity To Rise Such, see perry v. wells (D.KAN 2021) and/or In Re Sealed Search warrant (florida 2020)

= CLAIM =

The 6th amendment attorney-client privilege is Built upon the Criminal defendants constitutional Right To effective assistance of Counsel. See U.S. v. CATER 429 F.Supp.3d 708 (D.KAN 2019) The court found that for a Violation means a four part "Test" (1) There is a protected Attorney-Client Communication, (2) the Government purposefully Intruded into the attorney-client Relationship, (3) The government becomes privy To the attorney-client Communications because of the Intrusion, (4) the intrusion was not justified by any legitimate Law enforcement Interest.

The Government's knowing Seizure of Attorney-client Communications Is an Invasion of the Attorney-Client privilege & creates Irreparable harm. See In the matter of 636 South 66th Terrace Kansas City Kansas 835 F.Supp. 1304 (D. KAN 1993)

The disclosure of attorney-client materials is Irreparable harm. See U.S. v. philip morris, INC 314 F.3d. 612 and owens v. office Sept 14, 2012 846 F.Supp.2d 1003 (D.colo 2012)

The St. Tammany Parish Jail, where the petitioner has been housed since 12-15-2020, through the St. Tammany Parish Sheriff office Records and stores all (1) phone calls with no expection for attorney-client privilege, no notice is provided to the defendants, nor is there any way for an attorney or defendant to "op-out" of Recording or Request an un Recorded attorney-client phone call; (2) emails with no expection for attorney-client privilege, no notice is provided to the defendants, thier is no way to Request an unrecorded email; (3) video visits with no expection for attorney-client privilege, nor any way to Request an unRecorded video visits.

The Jail/Sheriff provides access to the email, phone calls and video visits to any law enforcement officals; without a warrant; notice to attorneys - the Court - or the defendants; officals can Download any email, phone call or visit without Tracking; Thier is no way to show what emails, phone calls or visits are accessed or by whom; the Jail - Sheriff has no written policy/Rule/procedure, etc governing the Access or Release of the phone calls, emails, and or visits.

The District Attorney Regularly Requests phone calls, emails and/or visits without a warrant, notice to the Courts/or defendants/ or Attorneys. The District Attorney has no "taint" team or way to screen out attorney-client communications, nor have they alerted counsel, defendants or the courts of accessed attorney-client communications. (Nor does the sheriff office Alert defendants, counsel or the Courts.)

The petitioner Like 1,000(s) of other defendants in the St. Tammany Parish Jail has had several emails, phone calls and video visits with his Attorney. In which he spoke of witnesses, evidence, strategy, Defenses, and in general Legal matters. One phone call and email was Bought up when the detective over petitioner's case came and questioned him. The detective asked the petitioner about a specifi witness that only his attorney knew about and could not have been know of by any other means. Further videos on memory cards and Drives metion in attorney client emails and phone calls and video visits are now missing, but were collected by law enforcement.

After a plea deal was offered by the ADA over the petitioner case, the petitioner emailed and video visit and/or called his attorney and spoke about the condition she placed on and about filing a complaint on the ADA. The next court hearing in which the petitioner bought up the condition, the ADA stated the condition was never made, but Both attorneys (appeal and Trial counsel) heard the condition.

When petitioner asked how to make an unRecorded Legal email phone call or video visit, "Case manger King" stated "to get an in person meeting with counsel". The St. Tammany parish Jail doesn'T allow in person meetings. Following an A.R.P. filed the petitioner the warden stated "all phone calls and/or emails are Recorded but not monitered so Attorney-client privilege is not violated" The Sheriff also Replyed that all phone calls are Recorded.

IT IS clear that not only has the State and Sheriff violated the petitioner's 6th amendment rights by Recording, Listening to and/or use of attorney-client communications, but in fact has used such communications to harm the petitioner's defense.

However, the petitioner is not alone the Jail has been Recording phone calls, emails and/or video visits for years, without any policy to prevent access to attorney client communications. Further the District Attorney has also for years been accessing and using such communications.

Wherefore the petitioner prays.

s/ [signature]
Andrew Wetzel

It should be noted the State/Sheriff has violated the Louisiana & Federal wire tapping act.