UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDREW WETZEL　　　　　　　　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　　　　　No. 21-1940

WARREN MONTGOMERY　　　　　　　　　　　　　　SECTION I

## ORDER

Before the Court is Wetzel's petition[1] pursuant to 28 U.S.C. § 2241, motion[2] for preliminary injunction and temporary restraining order, and motion[3] to appoint counsel.

Petitioner Wetzel has a long history of frivolous litigation. As a result of this history, Wetzel is generally barred from filing non-habeas-related civil actions as a pauper.[4] The Fifth Circuit has also sanctioned him various times and forbidden him from filing any new habeas actions "challenging any conviction or sentence until all sanctions have been paid in full, unless he first obtains leave of the court in which he seeks to file such a challenge." *Wetzel v. Goodwin*, No. 14-30370 (5th Cir. Apr. 8,

---

[1] R. Doc. No. 3.
[2] R. Doc. No. 6.
[3] R. Doc. No. 5.
[4] That fact has been recognized in all three federal judicial districts in this state. *See, e.g.*, *Wetzel v. Tanner*, No. 16-5765, 2016 WL 3127302 (E.D. La. June 3, 2016) (Wilkinson, M.J.); *Wetzel v. Goodwin*, No. 14-3331, 2015 WL 965688 (W.D. La. Mar. 3, 2015); *Wetzel v. Prince*, No. 11-0010, 2011 WL 1465395 (M.D. La. Mar. 21, 2011), *adopted*, 2011 WL 1465420 (M.D. La. Apr. 18, 2011). His history of abusive litigation was recently noted again earlier this year. *Wetzel v. Montgomery*, No. 21-1687, 2021 WL 4523842 (E.D. La. Sept. 20, 2021) (North, M.J.), *adopted*, 2021 WL 4521892 (Oct. 4, 2021) (Africk, J.).

2015). That being said, he is not barred from filing the present habeas action, in which he challenges an ongoing prosecution rather than a conviction or sentence.[5] For the reasons that follow, the Court denies the petition and accompanying motions.

Petitions seeking relief pursuant to 28 U.S.C. § 2241 are subject to an exhaustion requirement. *See, e.g.*, *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."). Relatedly, pretrial detainees are strictly limited in the types of claims they may assert and the types of relief they may seek under 28 U.S.C. § 2241. For example, the Fifth Circuit has held:

> The [United States Supreme] Court in *Braden* [*v. 30th Judicial District Court of Kentucky*, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973),] ... reiterated the long established principle "that federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489, 93 S.Ct. at 1127. The Court also stated that "nothing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Id. at 493, 93 S.Ct. at 1129.

---

[5] *See Jackson v. Johnson*, 475 F. 3d 261, 263 n.2 (5th Cir. 2007) ("The PLRA's three-strikes provision does not bar prisoners from proceeding in forma pauperis in a habeas action, even if the prisoner has accumulated three strikes.").

*Dickerson*, 816 F.2d at 226; *accord Vassar-El v. Orleans Parish Prison*, No. 18-838, 2018 WL 4462544 (E.D. La. Sept. 18, 2018) (Barbier, J.).

In the present action, there is no indication petitioner has exhausted his claims in the state courts. *See* R. Doc. No. 3, at 6, answer to question 12. Because petitioner has not met the exhaustion requirement, the Court will deny the petition and accompanying motions. Accordingly,

**IT IS ORDERED** that the petition pursuant to 28 U.S.C. § 2241 and motion for preliminary injunction and temporary restraining order are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the motion to appoint counsel is **DISMISSED AS MOOT**.

New Orleans, Louisiana, November 18, 2021.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**